CASE 29—PETITION ORDINARY—APRIL 27.

# Sprigg v. The American Central Insurance Company.

APPEAL FROM M'CRACKEN CIRCUIT COURT.

1. ACTION ON INSURANCE POLICY—PLEADING.—In an action on an insurance policy, where the defendant seeks to avoid liability on the policy upon the ground that the insured was not the sole and unconditional owner of the property at the time the policy was issued, the answer should specify particularly the defects in the title, unless the defendant relies upon the defense that the plaintiff has no title to the property, in which case it is sufficient to deny that the plaintiff was the sole and unconditional owner of the property.

2. PRIMA FACIE OWNERSHIP.—When the defendant relies upon the defense that the plaintiff has no title to the property, the

plaintiff has manifested a *prima facie* ownership when he proves that he was in the possession of the property, claiming it as his own, and exercising acts of ownership over it when the policy was issued, and is not required to go to the expense and trouble of showing how he had acquired the title to the property, until the defendant has introduced some evidence to overcome the *prima facie* case established by him.

3. EVIDENCE.—In this action the record of an action in which the title of the property was involved, is competent in evidence, although the plaintiff was not a party to that action, because the defendant alleged in its answer that the property had been conveyed to another than the plaintiff, the record in question showing that the deed referred to was not valid; and it was further competent to show that the litigation had ceased long before the property was destroyed by fire.

4. SAME.—The insurance company is not released from liability be-. cause notice of the pendency of the action with reference to the title to the property had not been given to it, especially as the rights of the parties had been adjudged therein long before the loss occurred.

HUSBANDS & HUSBANDS FOR APPELLANTS.

1. It was incumbent upon the company to allege a state of fact showing a superior outstanding title to that of appellant, and it devolved upon the company to establish them, and show affirmatively that he was not the unconditional sole owner of the property. Insurance Co. v. Southard, 8 B. M., 645.

2. Possession and acts of ownership are *prima facie* evidence of ownership. Amer. & Eng. Enc. of Law, vol. 7, 1022 and notes; 8 Kansas, 159; 60 Ill., 465; Hartford Life &c. Insurance Co. v. Wayland, &c. 14 Ky. Law Rept., 243.

3. The policy of insurance in this case was not vitiated by the commencement of the action of the Wurths v. Buckner and Sprigg. Kenton Insurance Co. v. Wigginton, 11 Ky. Law Rept., 540; Fireman's Insurance Co. v. Cecil, 12 Ky. Law Rept., 260; Home Ins. Co. v. Patton, 12 Ky. Law Rept., 941.

THOMAS E. MOSS FOR APPELLEE.

1. The purchase money named in the deed to appellant as having not been paid, was not, in fact, paid at the time of the issual of the policy, and under such circumstances the ownership was not sole and unconditional. McLeod v. Citizens Ins. Co.

Sprigg v. The American Central Insurance Company.

3 R. & C. (N. S.) 156; Farmers' Ins. Co. v. Curry, 13 Bush, 312.
2. Judgments and decrees do not bind any other persons than
   those who are parties thereto and their privies. Combs v.
   Tarrelton's Adm'rs., 2 Dana, 466-7; McCord's heirs v. McClin-
   tock, 5 Litt., 305; Memphis Packet Co. v. Grey 9 Bush, 148;
   Simpson v. Melson, 7 Ky. Law Rept., 681; 17 Myer's Fed. Dec.,
   sec. 2623.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The policy of fire insurance upon which the action was
brought provided that it was void if the interest of the as-
sured in the property be other than the unconditional and
sole ownership, or if the title be or become involved in liti-
gation, or if the property be mortgaged or otherwise encum-
bered.    The court when the plaintiff concluded his evidence,
instructed the jury to find for the defendant.    It is insisted
that the plaintiff failed to show a state of case which en-
titled him to recover.    He testified that at the time the poli-
cy was issued he was in possession of the property, and
claiming it under a purchase, and so held it by his tenant un-
til it was destroyed by fire.    He then offered and read as
evidence a deed of W. H. Jones, etc., to Ambrose Buckner
for the lot upon which the house stood, which was covered
by the policy, a deed from William Buckner to himself,
and also a deed from Harris Dunlap, etc., to Josephine and
August Wurth for the same property. , He then introduced
and read as evidence the record, wherein it appeared that
William Buckner had instituted an action against the
Wurths to recover the rents for a certain time of the house
and lot, and in which action William Buckner alleged that
he was the child and only heir at law of Ambrose Buckner,
and as such acquired title to the property by inheritance.

In the action the Wurths claimed the property under the deed from Harris Dunlap, etc., to them. In the judgment the fact was found to be that William Buckner was the only child of Ambrose Buckner, and heir at law, and the rents were adjudged to him. The defendant alleged that the plaintiff was not the sole and unconditional owner of the property, but did not point out specifically any defects in his title, except to allege the facts with reference to the deed of Dunlap to the Wurths.

In an action on an insurance policy with a provision that the assured is the sole and unconditional owner of the property insured, the answer should specify particularly the defects in the title, unless the defendant relies upon the defense that the plaintiff has no title to the property, in which case it is sufficient to deny that the plaintiff is the sole and unconditional owner of the property. When the issue is thus formed the plaintiff has manifested a *prima facie* ownership when he proves that he was in possession of the property, claiming it as his own, and exercising acts of ownership over it when the policy was issued. The plaintiff to make a *prima facie* case is not required to show the same state of facts with reference to the title as he would be required to show in an action of ejectment. It would be unreasonable and unjust to require the plaintiff to go to the expense and trouble of showing how he had acquired title to the property until the defendant had introduced some evidence which would overcome the *prima facie* case established by the plaintiff in the manner we have indicated.

It is contended that the record and judgment in the case of Buckner against Wurth were not competent evidence,

and could not affect the rights of the defendant because he was no party to it. We think they were competent for two reasons, because, first, the defendant alleged in its answer that Harris Dunlap, etc., had conveyed the property to the Wurths; second, to show that the litigation had ceased long before the property was destroyed by fire. The defendant sought to show that the plaintiff did not have title to the property by pleading that another held a deed thereto from others who claimed it through Ambrose Buckner. The record and the judgment established the fact that William Buckner, and not Dunlap, etc., was the heir at law of Ambrose Buckner, and that the deed to the Wurths was of no validity. It occurs to us that the defendant can not complain because the plaintiff offers evidence on an issue raised by its answer. While, if the plaintiff had been seeking to recover the house and lot from the defendant, the record and judgment would not have been competent unless the defendant had been a party or privy thereto; that, however, is not this case. The defendant is relying on a deed to aid in defeating a recovery which a court of competent jurisdiction, in an action to which the grantee in the deed and plaintiff's vendor were parties, adjudged did not pass a title to the property. In the suits to settle the title between Buckner and the Wurths, etc., the rights of the parties had been adjudged months before the fire occurred. There is not the slightest evidence that the litigation in any wise had anything to do with causing the loss, and, as the rights of the parties had been adjudged before the loss occurred, we do not think the defendant is entitled to claim in this action that the policy is void because notice of the pendency of the

actions had not been given. The defendant does not plead that there was a mortgage or encumbrance on the property when the policy was issued, nor was there any proof offered to show that a lien retained in the deed of William Buckner to the plaintiff had been satisfied. There was no issue formed on the question. It may be profitable for counsel to examine the case of Lancaster Insurance Co. v. Monroe, &c., reported in this volume.

The judgment is reversed, with directions that further proceedings conform to this opinion.